[811 NYS2d 176]

POLICE BENEVOLENT ASSOCIATION OF NEW YORK STATE TROOPERS, INC., et al., Appellants, v DIVISION OF NEW YORK STATE POLICE, Respondent.

Third Department, March 2, 2006

## APPEARANCES OF COUNSEL

*Gleason, Dunn, Walsh & O'Shea*, Albany (*Mark T. Walsh* of counsel), for appellants.

*Eliot Spitzer, Attorney General*, Albany (*Frank K. Walsh* of counsel), for respondent.

## OPINION OF THE COURT

ROSE, J.

This action was commenced by four State Troopers and their Police Benevolent Association to obtain a judgment declaring that the orders of their superiors directing them not to appear in response to subpoenas issued by local courts for certain pretrial proceedings are not lawful and need not be obeyed. In their complaint, plaintiffs allege that such orders put the Troopers in the position of having to choose to disobey either the courts' or their employer's directives. Although none of the Troopers had yet been held in contempt, they had received a warning and expected to be sanctioned in the future. Upon defendant's motion to dismiss the complaint as untimely, Supreme Court instead dismissed the complaint for lack of standing because it found that the Troopers had suffered no actual present injury. Plaintiffs appeal.

Initially, we agree with Supreme Court that a declaratory judgment action is a timely and proper vehicle for the relief plaintiffs seek because they are challenging the orders of their superiors rather than an earlier written policy that had engendered those orders. Contrary to Supreme Court's reasoning, however, we are persuaded that plaintiffs have standing to pursue their claim.

Since defendant's objection to plaintiffs' standing was made in a preanswer motion to dismiss, we assume the truth of plaintiffs' allegations and afford them the benefit of every favorable inference (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *Matter of Town of Coeymans v City of Albany*, 284 AD2d 830, 833 [2001], *lv denied* 97 NY2d 602 [2001]; *Matter of Parisella v Town of Fishkill*, 209 AD2d 850, 851 [1994]). Among those allegations is the claim that the Troopers have obeyed their superiors' orders, disregarded court subpoenas of which they were aware and been warned that future disobedience of court directives will not be excused. In

view of this, we do not consider it to be a matter of mere speculation that the courts will enforce their directives. Since court orders must be obeyed as a matter of public policy and personal service of an order is not a prerequisite to holding a person in contempt where he or she has actual knowledge of the order (*see Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848 [1995], *lv denied* 87 NY2d 809 [1996]; *City School Dist. of City of Schenectady v Schenectady Fedn. of Teachers*, 49 AD2d 395, 397, 398 [1975], *lv denied* 38 NY2d 707, 820 [1975], *appeal dismissed* 38 NY2d 826 [1975]), it is of no consequence that the past court orders here may not have been properly served and the Troopers have so far avoided contempt proceedings.

Nor is there any requirement that the harm necessary to confer standing be actual and in the present rather than potential and in the future as long as it is reasonably certain that the harm will occur if the challenged action is permitted to continue (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 776 [1991]; *cf. New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 214 [2004]; *Rudder v Pataki*, 93 NY2d 273, 279 [1999]). Thus, on this record, the Troopers reasonably expect to be either held in contempt or disciplined for their choices and, unlike in *New York State Assn. of Nurse Anesthetists v Novello* (*supra* at 213), plaintiffs have alleged circumstances in which actual harm is imminent and reasonably certain.

SPAIN, J.P., CARPINELLO, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.