09-4145-cv
Ivan Valtchev v. The City of New York, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand and ten.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                      *Circuit Judges*.

_____

IVAN VALTCHEV,

                              *Plaintiff-Appellant*,

          -v-                                 (09-4145-cv)

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, HIGH SCHOOL OF GRAPHIC COMMUNICATION ARTS, IN NEW YORK CITY,

                              *Defendants-Appellees*.

_____

Appearing for Appellant:     Ambrose Wotorson, Law Offices of Ambrose Wotorson, Brooklyn, N.Y.

Appearing for Appellees:     Norman Corenthal, of counsel, (Michael A. Cardozo, Corporation Counsel of the City of New York; Kristin M. Helmers, of counsel, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Ivan Valtchev brought an action in the Southern District of New York against Defendants-Appellees The City of New York,[1] New York City Department of Education, and The High School of Graphic Communication Arts in New York City, for claims arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; 42 U.S.C. § 1981 and 42 U.S.C. § 1983. On August 31, 2009, Judge Naomi Reice Buchwald granted the Defendants-Appellees' motion for summary judgment and dismissed the complaint in its entirety. On appeal, Valtchev principally raises four issues: (1) whether the district court properly held that a portion of Valtchev's ADA, ADEA, and Title VII claims were time-barred; (2) whether the district court properly dismissed Valtchev's retaliation claim under the ADA; (3) whether the district court properly dismissed Valtchev's national origin discrimination and retaliation claims under Title VII; and (4) whether the district court properly dismissed Valtchev's discrimination claims under the ADEA. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, we review a decision granting a motion for summary judgment de novo, viewing facts in the light most favorable to the losing party. *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 492 (2d Cir. 1999). If the evidence demonstrates "that there are no genuine issues of material fact and that the judgment is warranted as a matter of law," then the district court's judgment will be upheld. *Global Network Commc'ns, Inc. v. City of New York*, 562 F.3d 145, 150 (2d Cir. 2009); *see also* Fed. R. Civ. P. 56(c).

I. A Portion of Appellant's Claims Are Time-Barred

The ADA, ADEA, and Title VII require claimants to file a charge of discrimination or retaliation with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory or retaliatory act. *See* 42 U.S.C. § 12117(a) (ADA); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA). The "nature of the claim" determines whether earlier conduct will be given consideration. *Petrosino v. Bell Atlantic*, 385 F.3d 210, 220 (2d Cir. 2004). Termination, failure to promote, and refusal to hire are considered "discrete acts" which are "easy to identify" and claims based on each are barred if not timely filed. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). An exception exists for claims that the discriminatory acts were part of a continuing policy and practice of prohibited discrimination. The continuing violation doctrine applies "to cases involving specific discriminatory policies or mechanisms such as discriminatory seniority lists." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993). "However, multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Id.* "To bring a claim within the continuing violation exception, a

---

[1] The district court noted that appellant requested to withdraw his claims against the City of New York in his Opposition to Defendant's Motion for Summary Judgment, a request which the court granted. *Valtchev v. The City of New York*, No. 06 Civ. 7157, 2009 WL 2850689, at *1 n.1 (S.D.N.Y. Aug. 31, 2009).

plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004).

Valtchev argues that the instances in which he was allegedly denied promotions and advancements, as well as those in which he was subjected to disciplinary proceedings at the High School of Graphic Communication Arts ("GCA") constituted a "long-standing policy and practice, with a single illegal aim in mind: to deny" appellant any advancement or promotional opportunities beginning in 1999, after he submitted his first complaint to the Board of Education ("BOE").[2]

The district court found that such events did not constitute anything other than discrete acts and, accordingly, that events occurring before 300 days preceding the date Valtchev filed his EEOC complaint were time-barred. We agree. Valtchev ultimately raises only failure to promote claims and discrete instances of retaliatory action, such as negative evaluations, that do not trigger the continuing violation exception. There is no evidence that the alleged "long-standing policy and practice" of discrimination against Valtchev was based on a protected characteristic or activity. Although Valtchev also accuses defendants of, inter alia, "practicing age discrimination on a wide scale," this type of conclusory allegation is not sufficient to raise an issue of a "specific" discriminatory policy. *See Lambert*, 10 F.3d at 53. Because Valtchev filed his EEOC complaint on October 4, 2006, any event occurring before December 8, 2005, is time-barred.

## II. Appellant's Retaliation Claims Pursuant to the ADA Were Properly Dismissed

The ADA renders it unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). The ADA further makes it unlawful for an employer to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

For a claim of retaliation to survive under the ADA, a plaintiff must, inter alia, provide evidence sufficient to make out a prima facie case. *See Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999). The prima facie case consists of four elements: (1) the employee was engaged in a protected activity under the ADA, (2) the employer was aware of the activity, (3) an adverse employment action occurred with respect to plaintiff, and (4) a causal connection exists between the protected activity and the adverse employment action. *Id.* Retaliation claims under the ADA are analyzed under the same burden-shifting framework as claims arising under Title VII. *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001). If appellant meets the de minimis burden of establishing a prima facie case, then employer must proffer a "legitimate, nonretaliatory reason for the challenged employment

---

[2] The Board of Education became the Department of Education in 2002. Because Valtchev's actions span the time period before and after this reorganization, we refer to the body either as the Department or the Board, depending on the relevant time period.

3

decision." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001). Once the employer has met its burden, then appellant must provide evidence sufficient to enable a rational trier of fact to conclude that such reason is a mere pretext for retaliation. *Id.*

Valtchev presents a novel claim of retaliation under the ADA. Valtchev argues that he was engaged in the "protected activity" of advocating on behalf of special education students by filing complaints to the BOE, and later the Department of Education ("DOE"), alleging, inter alia, that the City was "failing the children" by not adequately following the "No Child Left Behind" ("NCLB") Act. Valtchev's argument that GCA was violating the NCLB Act by not hiring qualified teachers relied in part on the fact that he himself was assigned to teach courses he states he was not qualified to teach.

Valtchev alleges numerous retaliatory actions under the ADA, which principally took the form of negative evaluations. Beginning with the actions that are not time barred, they consist of: (1) an "unsatisfactory" evaluation of Valtchev's mathematics class in April of 2006; (2) a mark of "unsatisfactory" for his Annual Performance Review of 2005-06; (3) three "unsatisfactory" evaluations from the Principal of GCA and two Assistant Principals, for classes held on May 3, May 18, and June 6, of 2007.

Assuming Valtchev's activity is indeed protected under the ADA, and that appellees were aware of that activity, the fourth element of the prima facie case--a causal connection between the protected activity and the retaliatory action--is not adequately supported by the evidence presented. Valtchev's unsatisfactory teaching evaluations began in December of 2005, before he filed his complaint with the EEOC in October of 2006 and his complaint with the DOE in March of 2007. Even were we to consider a letter of complaint he submitted in 1999 as the initial "protected activity," there were many changes to the school's administration, as well as other intervening factors, that would make it impermissible to find a causal link between the "unsatisfactory" evaluations of 2005 and the alleged protected activity of 1999.

The first claim of "retaliatory action" Valtchev presents--the evaluation of Valtchev's self-contained math class of April 2006--indicates the class was teacher dominated, and was not at the appropriate level for special needs students. Valtchev himself avers he is unqualified to teach math classes, which severely undercuts his argument that such a grading was retaliatory, as opposed to based on an accurate evaluation of his inability to teach math. Even if his argument could be interpreted to allege that the retaliatory action was the assignment to teach math classes in the first instance, which in any case occurred before the filing of his EEOC complaint, Valtchev's claims would be less untenable had he only been assigned math classes. However, after his "unsatisfactory" grading in math, Valtchev was transferred to teach English and History courses; and despite the change, Valtchev's evaluations continued to be "unsatisfactory."

The alleged retaliatory action therefore has a basis independent from any "protected activity." Because Valtchev has not proffered evidence sufficient to constitute a prima facie case of retaliatory action under the ADA, we agree with the district court that his claim fails.[3]

_____

[3] Appellees argue that Valtchev's ADA retaliation claims are barred because they were not raised in the EEOC complaint. Even if we viewed those claims as "reasonably related" to

4

III. Appellant's National Origins Claims Pursuant to Title VII Were Properly Dismissed

To establish a claim of national origin discrimination and retaliation under Title VII, a complainant must meet the burden of proving that the adverse employment decision was motivated, at least in part, by the "impermissible reason" of national origin. *See Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 115 F.3d 116, 119 (2d Cir. 1997).

Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), appellant must first establish a prima facie case of unlawful discrimination by showing that (1) he is a member of a protected class, (2) he has the qualifications for the position at issue, (3) he suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Once appellant satisfies the elements of the initial prima facie case, the burden then shifts to the employer to articulate a "legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *see also Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010). If the employer satisfies its burden of providing a legitimate reason, then appellant must show that the reasons presented were not the employer's "true reasons," but instead were a "pretext for discrimination." *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks omitted). Indeed, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Valtchev presents two events as support for his claim of discrimination: (1) he was allegedly told by the Principal who gave him an "unsatisfactory" evaluation on June 6, 2007, that his English was "not good enough" because he "learned it in another country" and (2) another GCA administrator who gave Valtchev un "unsatisfactory"evaluation on April 11, 2006, told him "in this country we do teach differently," and "America is not Europe."

Assuming Valtchev satisfies the first three elements of his prima facie case, he is unable to provide evidence sufficient to establish the fourth—that the adverse employment actions occurred "under circumstances that give rise to an inference of invidious discrimination." *Vivenzio*, 611 F.3d at 106. Valtchev alleges numerous adverse employment actions including, inter alia, the denial of various promotions to different positions throughout 2005-06, an evaluation of "unsatisfactory" for a math class in December 2005, an evaluation of "unsatisfactory" for an English class, and various reprimands for not following GCA procedures.

The two comments Valtchev alleges the administrators directed towards him are not sufficient to raise an inference of discriminatory animus. The evaluations provide detailed

---

those that were timely filed so that they could nevertheless be heard, *see Shah v. New York State Dep't of Civil Service*, 168 F.3d 610, 614 (2d Cir. 1999), we see no need to address this argument because we hold that appellant's ADA retaliation claim fails for the reasons stated above.

accounts of deficiencies in Valtchev's classes, including difficulty with teaching to the level of his special needs students, developing a topic thoroughly, and incorporating activities into his lesson plan, all of which provide an independent basis for the "unsatisfactory" markings.

Appellant does not proffer evidence sufficient to give rise to an inference of discrimination, and thus a rational trier of fact could not reasonably conclude Valtchev satisfied even a prima facie case of discrimination under Title VII. Regarding his claim of retaliation, Valtchev does not present an argument beyond his bare assertion alleging retaliatory action; he would, nevertheless, fail for substantially the same reasons as stated above. Accordingly, we affirm the district court's dismissal of appellant's claims pursuant to Title VII.

IV. Appellant's Discrimination Claims Pursuant to the ADEA Were Properly Dismissed

Claims pursuant to the ADEA are analyzed under the same *McDonnell Douglas* burden-shifting framework as Title VII claims. *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010). For substantially the same reasons as stated above, Valtchev fails to satisfy the elements of such a claim.

Valtchev alleges that GCA evinced an "animus" against older teachers and that the adverse employment actions--which are the same as those raised under his Title VII claim--were a result of discrimination based on his age. Valtchev principally presents three pieces of evidence as proof of animus: (1) an October 2007 article in which GCA's Principal was quoted stating that GCA welcomes the introduction of "young, energetic teachers," (2) Valtchev's own allegations that a GCA administrator told him "DOE was implementing a policy of phasing out older teachers," and (3) affidavits from other teachers at GCA that were prepared for a lawsuit in which plaintiff is not a party, alleging age discrimination at the school.

The record does not contain sufficient evidence for a rational trier of fact to find that Valtchev established the fourth element of the prima facie case, principally that the adverse employment action took place under circumstances giving rise to an inference of discrimination. The allegedly adverse employment actions have an entirely independent basis, principally, Valtchev's deficient teaching performance.

We have considered all of appellant's contentions and have found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6