10-4453-cv
Hurtgam v. Lyndonville Cent. Sch.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand eleven.

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                   *Circuit Judges*.

_____

KATHLEEN A. HURTGAM,

                   *Plaintiff-Appellant*,

              v.                                    10-4453-cv

LYNDONVILLE CENTRAL SCHOOL, MATHEW PENROD, BARBARA DEANE-WILLIAMS, NANCY GOOD, AS AIDERS AND ABETTORS,

                   *Defendants-Appellees*,

_____

For Appellant:          Lindy Sue Korn & Charles Louis Miller, II, Law Offices of Lindy Korn, Buffalo, N.Y.

For Appellees:          Joseph S. Brown (of counsel), Hodgson Russ LLP, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Kathleen Hurtgam appeals from the district court's grant of summary judgment in favor of defendants. She also appeals from the court's grant of defendants' motion to strike statements regarding settlement negotiations as inadmissible. We assume the parties' familiarity with the underlying facts of the case, the procedural posture, and the issues raised on appeal.

"We review an award of summary judgment *de novo*, and we will uphold the judgment only if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment was warranted as a matter of law." *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009) (quoting *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008)) (internal quotation marks omitted).

Hurtgam's claims are time-barred. She was "require[d] . . . to file a charge of discrimination or retaliation with the United States Equal Employment Opportunity Commission . . . within 300 days of the discriminatory or retaliatory act." *Valtchev v. City of N.Y.*, 400 F. App'x 586, 588 (2d Cir. 2010) (summary order).

That time limit began to run, at the latest, from early April 2006, when she received notice of the school's decision to transfer her. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980); *Smith v. United Parcel Serv. of Am., Inc.*, 65 F.3d 266, 268 (2d Cir. 1995). While "[f]oreknowledge" of an employer's possible or even imminent decision to take adverse action against an employee may "not set the statute of limitations running," *Webb v. Ind. Nat'l Bank*, 931 F.2d 434, 436 (7th Cir. 1991), Hurtgam was notified in April 2006 that the school had already made the decision to transfer her, not that the school was contemplating the decision or might soon arrive at one. The date her transfer was to take effect is irrelevant. Therefore, her filing with the EEOC in March 2007 was made after the 300-day time limit had already expired.

Accordingly, the order of the district court granting summary judgment in favor of defendants is AFFIRMED, and Hurtgam's appeal from the district court's grant of defendants' motion to strike is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2