12-3565-cv
Lugo v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 1st day of May, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             CHRISTOPHER F. DRONEY,
                      *Circuit Judges.*

_____

JONATHAN LUGO,

                      *Plaintiff-Appellant*,

          -v-                                              12-3565-cv

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, COMMISSIONER RAYMOND KELLY,
CAPT. DANIEL MICKULAS, LT. MIKE FOUNDER,
LT. WILLIAMONT, SGT. MARC MORENO, SGT. JOSEPH
VICTOR, SGT. THOMAS MARINO, LT. BECKER, AND
CAPT. FULTON, in their individual and official capacities,

                      *Defendants-Appellees*.[*]

_____

Appearing for Appellant:        Linda M. Cronin, Cronin & Byczek, LLP (Christopher
                                Bellistri, *on the brief*), Lake Success, NY.

Appearing for Appellees:        Diana Lawless, Special Assistant Corporation Counsel,
                                City of New York (Michael A. Cardozo, Corporation

_____

[*] The Clerk of the Court is directed to amend the caption as set out above.

Counsel, Larry A. Sonnenshein, Assistant Corporation Counsel, *on the brief*) New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jonathan Lugo seeks review the district court's August 3, 2012 judgment, granting summary judgment to the Defendants-Appellees on his claims of discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107, and for malicious prosecution in violation of 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (internal quotation marks omitted). Where the moving party demonstrates "the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the non-moving party must then present specific evidence demonstrating a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As an initial matter, we conclude that the bulk of Lugo's claims are time barred. For a Title VII action to be timely, a plaintiff must file the charge with the EEOC within 300 days of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998). The plaintiff must then receive an EEOC "right to sue letter" and bring the action within 90 days of the receipt of that letter. 42 U.S.C. § 2000e-5(f)(1). The statute of limitations for actions under both the NYSHRL and the NYCHRL is three years. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007).

The continuing violation exception to these statutes of limitations "exists for claims that the discriminatory acts were part of a continuing policy and practice of prohibited discrimination," *Valtchev v. City of New York*, 400 F. App'x 586, 588 (2d Cir. 2010), where "one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004). Lugo has not presented evidence from which it could be concluded that there was a policy or practice of discrimination or even that the events he points to are connected in any way. Rather, the incidents complained of are "discrete discriminatory acts" that are time-barred and not actionable "even when they are related to acts alleged in timely filed charges. Each discrete discriminatory

2

act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Thus, all of Lugo's claims are untimely except his charge that his termination was motivated by discriminatory animus and his malicious prosecution claim.

Discrimination claims under Title VII and the NYSHRL are governed by the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, "the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). "To establish a *prima facie* Title VII case, a plaintiff must demonstrate (1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir. 2009) (internal quotation marks omitted).

While this burden "is not onerous," *Burdine*, 450 U.S. at 253, Lugo has failed to adduce any admissible evidence to support "an inference of discriminatory intent." *Sassaman*, 566 F.3d at 312. It is true that a "showing of disparate treatment—that is, a showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group—is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted). However, Lugo's list of "similar" incidents does not provide any information from which a reasonable jury could conclude that the officers referenced were similarly situated to Lugo. Moreover, Federal Rule of Civil Procedure 56 requires that affidavits be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Lugo's own affidavit and moving papers are the only "evidence" he offers to demonstrate disparate treatment, but it is plain that this information is not "made on personal knowledge," *id.*, but rather "on information and belief," which is insufficient under the Rule. *Patterson*, 375 F.3d at 219. Thus, we conclude that Lugo failed to even make the de minimus showing necessary to make out a prima facie case of discrimination under Title VII and the NYSHRL.

While the NYCHRL is indeed reviewed "independently from and 'more liberally' than" federal or state discrimination claims, *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009), it still requires a showing of some evidence from which discrimination can be inferred. Lugo has failed to meet even this limited burden.

We have considered Lugo's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3