Matter of Dry Harbor Nursing Home v Zucker (2020 NY Slip Op 02309)





Matter of Dry Harbor Nursing Home v Zucker


2020 NY Slip Op 02309


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

529155

[*1]In the Matter of Dry Harbor Nursing Home et al., Appellants,
v
Howard Zucker, as Commissioner of Health, et al., Respondents.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Harter Secrest & Emery LLP, Rochester (F. Paul Greene of counsel), for appellants.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.



Aarons, J.
Appeal from an order and judgment of the Supreme Court (Ceresia, J.), entered April 11, 2019 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
The facts and regulatory background are set forth in a prior related appeal (Matter of Dry Harbor Nursing Home v Zucker, 175 AD3d 770 [2019]). Briefly, petitioners are various nursing homes that operate in the state and receive Medicaid funds. The Nursing Home Quality Pool (hereinafter the Quality Pool) is a program established by the Department of Health (hereinafter DOH) to improve the quality of care for residents housed in certain Medicaid-certified nursing home facilities. In 2018, DOH promulgated regulations related to the implementation of the Quality Pool (see 10 NYCRR 86-2.42), which were made effective as of January 3, 2018. In September 2018, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory relief challenging the regulations. Respondents sought dismissal based upon, among other things, the expiration of the statute of limitations. In an April 2019 order and judgment, Supreme Court dismissed the petition/complaint as untimely. Petitioners appeal. We affirm.
Regarding the first, third, fourth, fifth and sixth causes of action in the petition/complaint, only the third cause of action sought relief pursuant to CPLR article 78. Nevertheless, even though the other causes of action are styled as constitutional challenges or as seeking declaratory relief, these causes of action essentially challenge the validity of the Quality Pool regulations as arbitrary and capricious. As such, they are "attacks upon a quasi-legislative act or decision made by an administrative agency that are properly advanced in a CPLR article 78 proceeding" (Matter of Town of Stony Point v State of N.Y. Dept. of Fin., Off. of Real Prop. Servs., 107 AD3d 1217, 1218 [2013] [internal quotation marks and citation omitted]; see Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1089 [2012]; Matter of Federation of Mental Health Ctrs. v De Buono, 275 AD2d 557, 559 [2000]). In view of this, these causes of action are subject to a four-month statute of limitations (see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Thrun v Cuomo, 112 AD3d 1038, 1041 [2013], lv denied 22 NY3d 865 [2014]).
That said, these specific claims accrued when the regulations became effective (see Matter of Aufiero v New York State Div. of Criminal Justice Servs., 173 AD3d 1320, 1322 [2019], lv denied ___ NY3d ___ [Mar. 26, 2020]), which, in this case, was January 3, 2018. Because petitioners did not commence this proceeding/action until September 2018, these claims are untimely (see CPLR 217 [1]; Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d at 1089-1090). Furthermore, we reject petitioners' contention that a letter issued by DOH in November 2018 pertaining to the regulations tolled the statute of limitations.
Finally, petitioners' second cause of action alleged that the Quality Pool was a tax and that DOH was improperly delegated the power to levy a tax. Although this claim is timely (see New York Ins. Assn., Inc. v State of New York, 145 AD3d 80, 88-89 [2016], lv denied 29 NY3d 910 [2017]), for reasons stated in Matter of Dry Harbor Nursing Home v Zucker (175 AD3d at 772-773), it is without merit.
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.