Matter of Bay Park Ctr. for Nursing & Rehabilitation, LLC v Zucker (2021 NY Slip Op 02858)





Matter of Bay Park Ctr. for Nursing & Rehabilitation, LLC v Zucker


2021 NY Slip Op 02858


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

530875
[*1]In the Matter of Bay Park Center for Nursing and Rehabilitation, LLC, et al., Appellants,
v
Howard Zucker, as Commissioner of Health, et al., Respondents.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Harter Secrest & Emery LLP, Rochester (F. Paul Greene of counsel), for appellants.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.



Aarons, J.
Appeal from an order and judgment of the Supreme Court (Ceresia, J.), entered January 21, 2020 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
Petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment in January 2019 challenging regulations promulgated by the Department of Health related to the establishment of the Nursing Home Quality Pool program (see 10 NYCRR 86-2.42). These regulations were made effective as of January 3, 2018. Respondents moved to dismiss the petition/complaint on various grounds, including the expiration of the four-month statute of limitations. Supreme Court granted the motion. Petitioners appeal.
The petition/complaint herein is identical in almost all respects to the petition/complaint in Matter of Dry Harbor Nursing Home v Zucker (182 AD3d 847 [2020], lv denied 36 NY3d 901 [2020]). In Matter of Dry Harbor Nursing Home v Zucker (182 AD3d at 848), we found that five of the six causes of action alleged in the petition/complaint were untimely and that the remaining cause of action, although timely, was properly dismissed. Inasmuch as petitioners fail to adequately distinguish this matter from Matter of Dry Harbor Nursing Home or offer any compelling grounds why that decision should be overturned, for the reasons stated therein, we affirm.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.