Matter of Lawyers for Children v New York State Off. of Children & Family Servs. (2023 NY Slip Op 03747)

Matter of Lawyers for Children v New York State Off. of Children & Family Servs.

2023 NY Slip Op 03747

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

CV-22-2237 
[*1]In the Matter of Lawyers for Children et al., Appellants,
v
New York State Office of Children and Family Services et al., Respondents.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ. 

Proskauer Rose LLP, New York City (William C. Silverman of counsel), for appellants.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Richard J. McNally Jr., J.), entered November 21, 2022 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
In New York, the voluntary placement of children outside of the home is governed by the Social Services Law, which sets forth the procedures under which parents can temporarily place children in a home identified by an authorized agency (see Social Services Law § 384-a). In 1999, the Legislature made various amendments to the Social Services Law and the Family Ct Act to comport with the Adoption and Safe Families Act of 1997 (Pub L 105-89, 111 US Stat 2115), recognizing the need for more protections in order to minimize the chance of children languishing in foster care (see Assembly Mem in Support, Bill Jacket, L 1999, ch 7 at 9-10). Significantly, pursuant to Social Services Law § 358-a (6), Family Court is tasked with appointing an attorney for the children should there be a hearing before it. Petitioner Lawyers for Children had initially contracted with the Office of Court Administration (hereinafter OCA) respecting voluntary foster care placements and, since the legislative changes in 1999, has consistently represented children in New York City who have been voluntarily placed outside of the home. Similarly, petitioner Legal Aid Society contracted with OCA and receives assignments through New York City Family Court. Petitioner Legal Aid Bureau of Buffalo, Inc., likewise, has contracted with OCA and receives funding to represent children in child welfare matters.
In December 2021, respondent Office of Children and Family Services (hereinafter OCFS) promulgated regulations creating the Host Family Homes program, a system for the temporary care of children by pre-vetted volunteers without resorting to the voluntary placement process in the Social Services Law (see 18 NYCRR part 444). These regulations authorized certain agencies to be host family home agencies (see 18 NYCRR 444.10, 444.12) that would recruit and train volunteer host families, conduct background checks, approve host families and match the host family with a family in need (see 18 NYCRR 444.11). Under this program, the placement of a child with a host family would not involve a relinquishment of legal custody; instead, the parents would execute "a designation of 'person in parental relation' " (18 NYCRR 444.5 [b]; see 18 NYCRR 444.11 [a] [6]) that could be revoked at any time (see 18 NYCRR 444.11 [a] [5]). Children cared for by a host family under this program were not entitled to assigned counsel, although they could communicate with an attorney (see 18 NYCRR 444.7 [e]). In April 2022, petitioners commenced this CPLR article 78 proceeding, seeking to annul the Host Family Homes program in its entirety. In a pre-answer motion, respondents moved to dismiss the petition for lack of standing. Supreme Court granted the motion, determining that petitioners had [*2]failed to establish that they had suffered actual injury from the program and that they were essentially seeking to challenge the program on "behalf of speculative potential clients." Petitioners appeal, and we reverse.
"Standing is a threshold determination and a litigant must establish standing in order to seek judicial review, with the burden of establishing standing being on the party seeking review" (Matter of Long Is. Pure Water, Ltd. v New York State Dept. of Health, 209 AD3d 1128, 1129 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 911 [2023]). There are two avenues by which an organization can establish standing to sue. First, an organization can "show that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; accord Matter of Spence v New York State Off. of Mental Health, 211 AD3d 1430, 1431-1432 [3d Dept 2022]). However, "an organization can [also] demonstrate 'standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy' " (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 51 [2019], quoting Warth v Seldin, 422 US 490, 511 [1975]). In this respect, "an organization — just like an individual — must show that it has suffered an injury in fact and that its concerns fall within the zone of interests sought to be protected by the statutory provision under which the government agency has acted" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d at 51 [internal quotation marks omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773-775 [1991]; Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v City of Schenectady, 178 AD3d 1329, 1331 [3d Dept 2019]). It is well recognized "that standing rules should not be heavy-handed" and the courts "have been reluctant to apply [standing] principles in an overly restrictive manner where the result would be to completely shield a particular action from judicial review" (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014] [internal quotation marks and citation omitted]; see Matter of Stevens v New York State Div. of Criminal Justice Servs., 206 AD3d 88, 99 [1st Dept 2022]).
Petitioners allege that they have sustained an injury due to the program's interference with their organizational missions and its impairment of their contractual obligations to represent children in voluntary placement proceedings. Essentially, petitioners view the program as a "functional equivalent" to the voluntary placement system created by the Legislature that is "extrajudicial[ly]" enforced and does not prescribe for the appointment of counsel, preventing [*3]petitioners from representing and identifying children who have been "diverted" into the program. Accepting the allegations in the petition as true and construing them in the light most favorable to petitioners (see CPLR 3211 [a] [3]; Matter of Village of Woodbury v Seggos, 154 AD3d 1256, 1258 [3d Dept 2017]), petitioners sufficiently alleged an injury in fact that is not merely conjectural, as implementation of the program would, in essence, place children outside their home without the right to legal representation to which they would be entitled by Social Services Law § 358-a and that petitioners have a contractual obligation to provide (see Police Benevolent Assn. of N.Y. State Troopers, Inc. v Division of N.Y. State Police, 29 AD3d 68, 69-70 [3d Dept 2006]). This harm is reasonably certain to occur and, therefore, cannot be considered speculative (see id. at 70; compare Police Benevolent Assn. of N.Y. State Troopers, Inc. v Division of N.Y. State Police, 43 AD3d 125, 129-131 [3d Dept 2007], affd 11 NY3d 96 [2008]). Further, we are mindful that, "where [the] parties seeking to challenge administrative rulemaking are subject to the relatively short statute of limitations set forth in CPLR 217, the precise particulars of the asserted injury may not be ascertainable within the time restraint of the statute of limitations" (Matter of New York Propane Gas Assn. v New York State Dept. of State, 17 AD3d 915, 916 [3d Dept 2005]).[FN1]
Further, this injury falls squarely within the zone of interests sought to be protected by the Social Services Law. As noted, under the voluntary placement regime created by the Legislature, there is judicial oversight of the process by Family Court, and the child is entitled to legal representation (see Social Services Law § 358-a [6]; Family Ct Act § 1090 [a]). In accordance with the mandates of the Social Services Law, petitioners have contracted with OCA to represent children in voluntary placements, and "provid[ing] the services necessary" to that representation are within the zone of interest created by the statutory system (Mahoney v Pataki, 98 NY2d 45, 52 [2002]; see Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d 330, 334 [1984]). Based on the foregoing, petitioners have sufficiently alleged that they have standing to challenge the program as improperly bypassing the statutory voluntary placement process. In light of this conclusion, petitioners' remaining arguments are academic.
Lynch, Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court's decision.

Footnotes

Footnote 1: It should be noted that, at the time of the commencement of this proceeding, no child had been placed in a host family home as no agencies had been authorized. The program was implemented on December 8, 2021 and petitioners commenced this proceeding on April 5, 2022, three days before the expiration of the statute of limitations (see CPLR 217 [1]; compare Matter of Bay Park Ctr. for Nursing & Rehabilitation, LLC v Zucker, 194 AD3d 1164, 1164-1165 [3d Dept 2021]). As of October 2022, Safe Families for Children applied with OCFS to be an authorized agency.