J.M. v New York State

2026 NY Slip Op 02316

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

J.M. et al., Appellants,

v

New York State et al., Defendants, and Unified Court System of the State of New York, Respondent.

Decided and Entered:April 16, 2026

CV-25-1022

Calendar Date: February 10, 2026

Before: Aarons, J.P., Pritzker, Mcshan And Corcoran, JJ.

Disability Rights New York, Albany (Kimberly Weisbeck of counsel), for appellants.

Office of Court Administration, New York City (Daniel M. Braun of counsel), for respondent.

[*1]

Pritzker, J.

Appeal from an order of the Supreme Court (Kimberly O'Connor, J.), entered December 12, 2024 in Albany County, which granted a motion by defendant Unified Court System of the State of New York to dismiss the amended complaint.

Plaintiffs — consisting of four individuals and Disability Rights New York (hereinafter DRNY) — commenced an action against defendant New York State, defendant Unified Court System of the State of New York (hereinafter UCS), defendant Rowan D. Wilson, as Chief Judge of the State of New York, and defendant Joseph A. Zayas, as Chief Administrative Judge, seeking declaratory relief, injunctive relief and compensatory damages pertaining to the alleged invalidity and unconstitutionality of SCPA article 17-a and, more specifically, defendants' "administration and endorsement" of same. Plaintiffs alleged that defendants subjected the individual plaintiffs and other individuals with disabilities to illegal and discriminatory guardianships under SCPA article 17-a. In this regard, they contended, as pertinent here, that defendants violated their substantive and procedural due process rights under the Americans with Disabilities Act (42 USC § 12132 et seq. [hereinafter the ADA]) and section 504 of the Rehabilitation Act of 1973 (29 USC § 701 et seq.). Plaintiffs also alleged, among other things, that UCS's forms and website assist individuals seeking SCPA article 17-a guardianships and therefore support the use of unconstitutional and discriminatory provisions.

UCS filed a motion to dismiss the amended complaint for, among other reasons, lack of standing and commencement outside the statute of limitations. Supreme Court granted UCS's motion and dismissed the complaint against UCS finding that DRNY lacked standing in the action, that UCS had sovereign immunity as to the first, second, third and sixth causes of action and that the fourth and fifth causes of action were time-barred.FN1 Plaintiffs appeal the dismissal of the amended complaint as against UCS. We affirm.

We turn first to plaintiffs' contention that DRNY has organizational standing. "Standing is a threshold determination and a litigant must establish standing in order to seek judicial review, with the burden of establishing standing being on the party seeking review" (Matter of Gronbach v New York State Educ. Dept., 221 AD3d 1385, 1387 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 41 NY3d 906 [2024]; see Matter of Long Is. Pure Water, Ltd. v New York State Dept. of Health, 209 AD3d 1128, 1129 [3d Dept 2022], lv denied 39 NY3d 911 [2023]). "In order to establish standing to pursue this litigation, petitioners must show that they have suffered injury-in-fact and that the injury is within the zone of interests protected by the statute at issue" (Matter of Gronbach v New York State Educ. Dept., 221 AD3d at 1387 [internal quotation marks, brackets and citation omitted]; see Matter of Lansingburgh Cent. Sch. Dist. v New York State Educ. Dept., 196 AD3d [*2]937, 939 [3d Dept 2021]). "The critical element is demonstrating an injury-in-fact, which must be based on more than conjecture or speculation" (Matter of Gronbach v New York State Educ. Dept., 221 AD3d at 1387 [internal quotation marks and citations omitted]).

As relevant here, "an organization can demonstrate standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 51 [2019] [internal quotation marks and citation omitted]; see Matter of Lawyers for Children v New York State Off. of Children & Family Servs., 218 AD3d 913, 914 [3d Dept 2023]). "In this respect, an organization — just like an individual — must show that it has suffered an injury in fact and that its concerns fall within the zone of interests sought to be protected by the statutory provision under which the government agency has acted" (Matter of Lawyers for Children v New York State Off. of Children & Family Servs., 218 AD3d at 914 [internal quotation marks and citations omitted]; see Matter of Borrello v Hochul, 221 AD3d 1484, 1488 [4th Dept 2023]).

Initially, there exists no dispute that DRNY satisfied the zone of interests requirement. As to the injury-in-fact requirement for organizational standing, as asserted in the complaint, DRNY is authorized to pursue legal, administrative and other appropriate remedies and approaches to ensure the protection of, and advocacy for, the rights of individuals with intellectual and developmental disabilities. Plaintiffs detailed that DRNY has used its authority to advocate for individuals with intellectual or developmental disabilities who are under SCPA article 17-a guardianship or facing such guardianship and those who wish to terminate or prevent a guardianship. Plaintiffs allege that DRNY has expended significant resources advocating for such individuals in these pursuits. However, they did not demonstrate, nor even contend, that expending these significant resources has caused DRNY to drain its resources beyond that of its authorized purpose, or that expending these resources frustrated DRNY's purpose (see Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d at 53; compare Matter of Lawyers for Children v New York State Off. of Children and Family Servs.,218 AD3d at 915; Mixon v Grinker, 157 AD2d 423, 426 [1st Dept 1990]). Accordingly, Supreme Court properly determined that DRNY lacked standing because it failed to prove that it had suffered any injury-in-fact.

Plaintiffs contend that the individual plaintiffs' claims under the ADA and the Rehabilitation Act (fourth and fifth causes of action) are timely. If a federal statute lacks a specific limitations period, federal courts look to "the most appropriate or analogous state statute of limitations" (Vega-Ruiz v Northwell Health, 992 F3d 61, 63 [2d Cir 2021] [internal quotation marks and citations omitted]; see Purcell v New York [*3]Inst. of Tech.-Coll. of Osteopathic Med., 931 F3d 59, 62-63 [2d Cir 2019]). Neither the Rehabilitation Act nor the ADA includes an express statute of limitations, thus, courts apply the limitations period of a state's personal-injury laws (see Vega-Ruiz v Northwell Health, 992 F3d at 63; Purcell v New York Inst. of Tech.-Coll. of Osteopathic Med., 931 F3d at 63). In New York, this period is three years and "begins to run on the date of the injury" (Haynes v Williams, 162 AD3d 1377, 1378 [3d Dept 2018], lv denied 32 NY3d 906 [2018]; see CPLR 214 [5]). As relevant here, the continuing violation doctrine "provides an exception to the normal knew-or-should-have-known accrual date — meaning an exception to how accrual normally works" (Olivieri v Stifel, Nicolaus & Co., Inc., 112 F4th 74, 88 [2d Cir 2024] [internal quotation marks and citations omitted]). The exception applies to "claims that are composed of a series of separate acts that collectively constitute one unlawful practice" (id. [internal quotation marks, ellipsis and citations omitted]).

Here, Supreme Court properly dismissed the amended complaint as time-barred. Inasmuch as the ADA and Rehabilitation Act lack an express statute of limitations, New York's three-year statute of limitations rule for personal injury actions applies and the limitations period here began to accrue on the date of the injury (see CPLR 214 [5]; Snyder v Town Insulation, 81 NY2d 429, 432 [1993]; see generally Purcell v New York Inst. of Tech. - Coll. of Osteopathic Med., 931 F3d at 63). The record establishes that the date of the injury to the individual plaintiffs is the date in which they were placed under SCPA article 17-a guardianships, which was in 2001, 2007 and 2011. Thus, the instant action is time-barred because it was commenced in 2024, decades after the individual plaintiffs were placed under guardianship. We find unpersuasive plaintiffs' argument that the continuing violation doctrine should apply. As Supreme Court correctly determined, "[t]he individual plaintiffs do not allege any use of the forms provided by UCS within the three years prior to commencement of this action . . . [and the individual plaintiffs'] generalized claims fail to identify an alleged discriminatory practice by UCS against the individual plaintiffs themselves" (see generally Selkirk v State of New York, 249 AD2d 818, 819 [3d Dept 1998]; Valtchev v City of New York, 400 Fed Appx 586, 589 [2d Cir 2010]; Samuels v City of New York, 2023 WL 5717892, *5, 2023 US Dist LEXIS 156539, *13 [SD NY 2023]). Accordingly, Supreme Court did not err in declining to apply the continuing violations doctrine and finding the fourth and fifth causes of action to be time-barred. Finally, plaintiffs' equitable tolling argument is unpreserved as they did not raise this contention before Supreme Court (see Kumar v Franco, 211 AD3d 1437, 1441 [3d Dept 2022]). In light of the foregoing determinations, we need not reach UCS's alternative grounds for affirmance [*4]asserted in its brief.

Aarons, J.P., McShan and Corcoran, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiffs do not assert, and therefore have abandoned, any arguments on appeal regarding dismissal of the four causes of action based upon UCS having sovereign immunity (see Matter of United Jewish Community of Blooming Grove, Inc. v Washingtonville Cent. Sch. Dist., 207 AD3d 9, 15 n 2 [3d Dept 2022], affd 42 NY3d 348 [2024]).